## PEOPLE v. MANFREDI.

(Supreme Court, Appellate Division, Second Department. April 28, 1911.)

1. CRIMINAL LAW (§ 1032*)—APPEAL—PRESENTATION OF GROUND OF REVIEW IN COURT BELOW—NECESSITY.

Variance between the proof and the indictment will not be considered, when not raised in the court below and not presented by proper exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2627, 2628; Dec. Dig. § 1032.*]

2. LARCENY (§ 55*)—EVIDENCE—SUFFICIENCY.

Where three were indicted for larceny, and two were acquitted, evidence *held* insufficient to sustain a conviction of the third.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 164–169; Dec. Dig. § 55.*]

Appeal from Kings County Court.

Angelo Manfredi was convicted of grand larceny, and he appeals. Reversed and remanded.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

Thomas C. Whitlock, for appellant.
Peter P. Smith, Asst. Dist. Atty., for the People.

BURR, J. The indictment charges Angelo Manfredi, Charles Skabelund, and Adam Engel with the crime of grand larceny in the second degree, in that on the 27th of August, 1906, they stole property of the Brooklyn Rapid Transit Company, a corporation. The property alleged to have been stolen was copper bonds or wire. There is some evidence in the case that on the day named Skabelund and Engel had in their possession copper bonds or wire belonging to the Brooklyn Heights Railroad Company, which was contained in a box car of the said company, known as "No. 9903."

[1] Upon the argument of this appeal a point was made with regard to variance between the indictment and the proof as to the ownership of said property. The question was not raised in the court below, nor is there any proper exception presenting it here. It is unnecessary for us to determine, therefore, the question of the alleged variance.

[2] McGarry, a member of the police force of the city, testified that he saw Skabelund and Engel deliver this wire to the defendant Manfredi on St. John's Place, near Utica avenue. There was also evidence that they were employés of the Brooklyn Heights Railroad Company, and had no authority to deliver its property to the defendant Man-

---

fredi, and there was also evidence as to the value thereof. The people then rested.

After the defendant's evidence had been introduced, Henry Carney, another member of the police force, was called on, the part of the people, and testified that he saw Skabelund and Engel on car No. 9903, on St. John's Place, near Utica avenue, on the day named, and that he saw them give to the defendant Manfredi a sack apparently containing some articles. Skabelund, called as a witness for the defense, admitted that he was employed on the car named, but denied that he was on St. John's Place on the day specified, or that at any time he gave Manfredi any copper wire. On the contrary, he testified that he delivered at Bedford all of the wire that he received during that day. Engel swore that he was not on St. John's Place on the day in question, that he never gave Manfredi any copper wire, and that he never saw him until he saw him after the arrest of the defendant and when he was arraigned before the magistrate in the police court. The jury found that the story of Skabelund and Engel was true, and that of McGarry and Carney was false, and Skabelund and Engel were acquitted. Notwithstanding this, the jury found a verdict against Manfredi, and from the judgment of conviction this appeal is taken.

If the evidence of McGarry and Carney was false, and the jury have found that it was, there is no evidence to sustain this conviction. Although Manfredi may have received copper wire on St. John's Place from some one, there is no proof that it was not the property of the person who gave it to him.

The judgment of the County Court of Kings county must be reversed, and a new trial ordered.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur. WOODWARD, J., concurs in result.